request the market value of the husband's business interests. As already noted, it would be wasteful to require the husband to hire experts to render estimates as to value when the wife will undoubtedly challenge them at trial. The wife is free to hire her own experts and may seek an award, pendente lite, to pay their fees. (*Kaye v Kaye,* 102 AD2d, at p 686.) Concur — Sullivan, J. P., Carro, Fein and Milonas, JJ.

■ ROBERT L. BEIR et al., Respondents, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.

Punitive or exemplary damages are allowed only "in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." (*Walker v Sheldon,* 10 NY2d 401, 404.) In that connection, the record herein does not contain any indication that defendant bank exhibited the high degree of moral turpitude which would justify the imposition of punitive damages. (*Luxonomy Cars v Citibank,* 65 AD2d 549.) Moreover, in the absence of exceptional circumstances not here apparent, a claim for punitive damages does not lie in an action seeking recovery for payment on forged indorsements. (*See, Titan Air Conditioning Corp. v Chase Manhattan Bank,* 61 AD2d 764.) Concur — Sandler, J. P., Sullivan, Bloom and Milonas, JJ.

■ In the Matter of the Arbitration between ESTHER TELESHEVSKY et al., Respondents, and URBAN COMMUNITY INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Appellant. NEW YORK AUTOMOBILE INSURANCE PLAN, Third-Party Defendant-Respondent, et al., Third-Party Defendant.

No opinion. Concur — Carro, J. P., Bloom, Fein, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAMOS, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Carro, J. P., Bloom, Fein, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MACALUSO, Appellant.

No opinion. Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR BRANDT, Respondent.

Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN SPRINGER, Appellant.

Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN OTERO, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAMS, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree